IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LACOMUS DAVID,**

> Petitioner,

v.                                                            Civil Action No. **3:11CV391**

**DIRECTOR, VDOC,**

> Respondent.

## MEMORANDUM OPINION

Lacomus David, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court for the City of Portsmouth, Virginia ("Circuit Court") for possession with intent to distribute heroin. Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. David has not responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

David pled guilty in the Circuit Court to possession of heroin with intent to distribute. On July 25, 2007, the Circuit Court entered final judgment with respect to that conviction. David did not appeal.

On or about July 17, 2008, David filed a petition for a writ of habeas corpus with the Circuit Court ("First State Habeas").[1]  On October 23, 2008, the Circuit Court denied the petition. David appealed. On May 19, 2009, the Supreme Court of Virginia denied David's

---

[1] This is the date that David executed his First State Habeas Petition. The Court utilizes this date because Respondent has not provided the date the Circuit Court received the First State Habeas.

petition for appeal. On October 9, 2009, the Supreme Court of Virginia denied David's petition for rehearing.

On March 29, 2010, David filed another petition for a writ of habeas corpus with the Circuit Court ("Second State Habeas"). On June 9, 2010, the Circuit Court denied the Second State Habeas Petition on the grounds that, *inter alia*, "under Va. Code § 8.01-654(A)(2), this habeas petition is barred by the statute of limitations." *David v. Johnson, Dir. Dep't Corr.*, No 10-689, at 2 (Va. Cir. Ct. June 9, 2010).[2] David appealed. On April 6, 2011, the Supreme Court of Virginia refused David's petition for appeal.

On June 6, 2011, David filed his § 2254 Petition with this Court.[3] In his § 2254 Petition, David makes the following claim: "Petitioner represents the criminal conviction attacked herein to have been unconstitutionally obtained in violation of his **Sixth Amendment** constitutional right to confront the witnesses against him and bases the claim on the holding of the United States Supreme Court decision in **Melendez-Diaz v. Massachusetts,** decided on June 25, 2009." (Br. Supp. § 2255 Mot. ¶ 12.)[4]

---

[2] That statute states in relevant part:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2010).

[3] This is the date David swears he placed the § 2254 Petition in the prison mailing system and, hence, the date this Court deems it filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] In *Melendez–Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009), the Supreme Court held that certificates of analysis of physical evidence were testimonial by nature and, thus, under the Confrontation Clause required the government to produce the expert who prepared the certificate for cross-examination before offering it into evidence.

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars David's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1.  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2.  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B.   Commencement and Running of the Statute of Limitations

David's judgment became final on Friday, August 24, 2007, when the time to file a notice of appeal expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (*citing* 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (West 2007) (requiring a notice of appeal to be filed within thirty days of the judgment the litigant seeks to appeal).

The limitation period ran for 327 days, until David filed his First State Habeas Petition on July 17, 2008. *See* 28 U.S.C. § 2244(d)(2). The limitation period remained tolled until October 9, 2009, the date the Supreme Court of Virginia denied David's petition for rehearing on his First State Habeas Petition.

The limitation then ran for another 604 days, until David filed his § 2254 Petition.[5] Thus, because the limitation period ran for 931 days, the statute of limitations bars the present action unless David demonstrates entitlement to a belated commencement of the limitation period under § 2244(d)(1)(B)–(D) or equitable tolling.

### C.   Belated Commencement

As pertinent here, federal law provides that, in addition to the date on which a judgment becomes final, the statute of limitations may commence on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[5] To qualify for statutory tolling, a state court petition for collateral review must be "properly filed." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Because David filed his Second State Habeas Petition after the conclusion of state statute of limitations for habeas actions, the Second State Habeas Petition was not properly filed and does not qualify for statutory tolling under § 2244(d)(2). *See Williams v. Dir., VDOC*, No. 3:11CV392, 2011 WL 5526371, at *2 (E.D. Va. Nov. 14, 2011).

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). This belated commencement provision protects petitioners when their claims could not have been brought earlier.

David bases his Sixth Amendment claim on the Supreme Court's holding in *Melendez–Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009). "[T]he *Melendez–Diaz* holding has not been 'made retroactively applicable to cases on collateral review,' and thus does not qualify [David] for a belated commencement." *Williams*, 2011 WL 5526371, at *2 (*citing Walker v. Johnson*, No. 2:10CV548, 2011 WL 2119260, at *4 (E.D. Va. Apr. 19, 2011); *Mitchell v. Kelly*, No. 4:09–CV-2845, 2011 WL 2579784, at *8 n.2 (N.D. Ohio June 29, 2011); *Adams v. United States*, No. 09–6152(GEB), 2011 WL 1792562, at *3 (D.N.J. May 10, 2011)).

Moreover, even if *Melendez–Diaz* warranted a belated commencement of the statute of limitations, the limitation period would run from the date of that decision—June 25, 2009. Here, David did not file the § 2254 Petition until June 6, 2011, 710 days after the Supreme Court announced the *Melendez–Diaz* decision. Thus, even assuming, without deciding, that *Melendez–Diaz* entitles David to a belated commencement, he still did not file his § 2254 Petition within the one-year time limit. 28 U.S.C. § 2244(d)(1).

### D.    Equitable Tolling

Equitable tolling may apply to petitions under 28 U.S.C. § 2254. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Nevertheless, the Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" which demonstrate that he fulfills both elements

5

of the test. *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008) (*quoting Brown v. Barrow,* 512 F.3d 1304, 1307 (11th Cir. 2008)).

David vaguely suggests that the Court should equitably toll the limitation period because the failure to do so would amount to a miscarriage of justice. (Br. Supp. § 2254 ¶¶ 22, 23.) In collateral review jurisprudence, a fundamental miscarriage of justice can only refer to actual innocence. *See McBrayer v. Johnson,* No. 3:09CV411, 2010 WL 723675, at *3 (E.D. Va. Mar. 2, 2010). Even if actual innocence provided a basis for tolling the statute of limitations,[6] David fails to muster any plausible evidence that supports his claim of innocence.

"Claims of actual innocence, whether presented as freestanding ones, *see Herrera v. Collins,* 506 U.S. 390, 417 (1993), or merely as gateways to excuse a procedural default, *see Schlup v. Delo,* 513 U.S. 298, 317 (1995), should not be granted casually." *Wilson v. Greene,* 155 F.3d 396, 404 (4th Cir. 1998) (parallel citations omitted). Here, the Court reviews Petitioner's claim under the more lenient standard for gateway claims because Petitioner's actual innocence claim would allow the Court to consider his otherwise procedurally defaulted constitutional claims. A gateway claim requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.*

If a petitioner meets the burden of producing new, truly reliable evidence of his innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of

---

[6] *See O'Neill v. Dir., Va. Dep't Corr.* No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011) (observing that "[n]either the Supreme Court of the United States nor the United States Court of Appeals for the Fourth Circuit has specifically addressed whether a petitioner's alleged 'actual innocence' provides a basis for excusing a petition for not complying with § 2244(d)'s limitation period.").

admissibility that would govern at trial'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (*quoting Schlup*, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (*citing Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)). Because David has not supported his claim of innocence with any evidence, his claim of innocence fails. David fails to demonstrate entitlement to equitable tolling.

The § 2254 Petition will be DENIED as untimely.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 13) will be GRANTED. David's petition for relief under 28 U.S.C. § 2254 will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

David fails to meet this standard.  Accordingly, a certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date:  5/17/12
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge